*Ex parte* ALEXANDER.

(*District Court, N. D. New York.* 1883.)

HABEAS CORPUS—REVIEW ON.

    The circuit court cannot on *habeas corpus* look behind the record to review the proceedings of a court of co-ordinate jurisdiction

*Habeas Corpus.*

   The defendant was indicted by a grand jury of the United States district court for the western district of Tennessee, on the twenty-seventh day of April, 1882, for receiving illegal pension fees on the first day of April, 1881. Subsequently he was found guilty, and sentenced to one year's imprisonment in the Erie county, New York, penitentiary. The case now comes before the court on writ of *habeas corpus.* In his petition for discharge the prisoner alleges that the offense for which he was sentenced was committed on the fifth or sixth day of February, when there was no law making it a crime, and not on the first day of April, as charged in the indictment.

   *Zenas M. Swift*, for the prisoner.

   *Martin I. Townsend*, Dist. Atty., for the United States.

   COXE, D. J. The indictment charges the offense to have been committed on the first day of April, 1881, at a time when, it is conceded, section 5485 of the Revised Statutes was in force. The district court of Tennessee had jurisdiction. The jury found the facts as charged in the second count of the indictment. There is no irregularity appearing on the face of the record. This court cannot, on *habeas corpus*, look behind the record to review the proceedings of a court of co-ordinate jurisdiction, nor can it receive and act on extrinsic evidence. If the prisoner at the trial could have established the facts stated in his affidavit, they might have constituted a defense; but they cannot be considered here. If errors were committed on the trial, the law suggests a very different method of correcting them.

   Discharge refused, and prisoner remanded.